## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI

STEVEN TURNER,            )
                                    )
    Plaintiff,               )
                                    )
v.                            )     Case No.: 1:18-cv-231
                                    )
LIBERTY LIFE ASSURANCE COMPANY   )
OF BOSTON,                )
                                    )
    Defendant.           )

## COMPLAINT

NOW COMES the Plaintiff, STEVE TURNER, by his attorney, David Hicks, and complaining against the Defendant, Plaintiff alleges the following:

### Jurisdiction and Venue

1. Jurisdiction of the court is based upon the Employee Retirement Income Security Act of 1974 (ERISA); and in particular, 29 U.S.C. §§ 1132(e)(1) and 1132(f). These provision give the district courts jurisdiction to hear civil action brought to recover benefits due under the terms of an employee welfare benefit plan which, in this case, consists of a group long term disability plan underwritten and insured by Liberty Life Assurance Company of Boston. In addition, this action may be brought before this court pursuant to 28 U.S.C. §1331, which give the district court jurisdiction over actions that arise under the laws of the United States.

2. The ERISA statute provides, at 29 U.S.C. §1133, a mechanism for administrative or internal appeal of benefit denials. Those avenues of appeal have been exhausted.

3. Venue is proper in the Eastern District of Missouri. 29 U.S.C. §1132(e)(2), 28 U.S.C. §1391.

## Nature of Action

4. This is a claim seeking payment of disability income benefits pursuant to a policy of insurance underwritten and insured by Liberty Life Assurance Company of Boston, to provide Long Term Disability Insurance Benefits under a benefit plan to employees of Orgill, Inc. This action seeking recovery of benefits is brought pursuant to 29 U.S.C. §1132(a)(1)(B).

## The Parties

5. Steven Turner ("Turner") is and was a resident of Charleston, Missouri at all times relevant hereto.

6. Liberty Life Assurance Company of Boston ("Liberty Life") is an insurance company which has, at all times relevant hereto, done business within this district. The Plan is an employee benefit plan which has operated and exists within this district at all times relevant hereto.

7. At all times relevant hereto, the Plan constituted an "employee welfare benefit plan" as defined by 29 U.S.C. §1002(1); and incident to his employment, Turner received coverage under the Plan as a "participant" as defined by 29 U.S.C. §1002(7). This claim relates to benefits under the foregoing Plan.

## Statement of Facts

8. Turner was employed in a full-time capacity by Orgill, Inc. until May 30, 2015, when he had to cease working due to his disability and was approved for long term disability benefits which began on August 28, 2015 and his disability benefits continued throughout the "own occupation" standard of disability for the 24 month period.

9. Subsequent to the 24 month "own occupation" standard of disability, Liberty Life terminated Turner's disability benefits and did not pay any LTD benefits beyond December 14, 2017. Liberty Life asserted that Turner is not disabled under the "Any Occupation" standard of disability which provides for payment of benefits if:

"Any Occupaton" means any occupation that the Covered Person is or becomes reasonably fitted by training, education, experience, age, physical and mental capacity.

10. On December 15, 2017, Liberty Life determined that Turner did not meet the definition of "Disabled" under the Plan and terminated Turner's disability benefits. Turner filed an administrative appeal with Liberty Life and on May 10, 2018, Liberty Life upheld its prior decision to terminate LTD benefits.

11. The determination by Liberty Life is contrary to the terms of the welfare benefit plan and has no rational support in the evidence. That decision was also contrary to the reports of all treating and examining physicians and their assessments.

12. As a direct and proximate result thereof, based on the evidence submitted to Liberty Life establishing that Turner has met the Plan definitions of "disabled" continuously since the onset of his disability, and that he continues to meet that definition, plaintiff is entitled to payment of monthly disability insurance payment retroactive to December 14, 2017, plus interest on all overdue payments at the statutory rate of 9% in accordance with Missouri Revised Statues, Sec. 408.020.1.

WHEREFORE, Plaintiff prays for the following relief:

A. That the Court enter judgment in Plaintiff's favor and against Defendant and that the Court order Defendants to pay disability income benefits to Plaintiff in an amount equal to the contractual amount of benefits to which he is entitled;

B. That the Court order the Defendants to pay Plaintiff prejudgment interest on all benefits that have accrued prior to the date of judgment at the rate of 9% per annum;

C. That the Court order Defendants to continue paying Plaintiff benefits until such time as he meets the policy conditions for discontinuance of benefits;

D. That the Court award Plaintiff attorney's fee pursuant to 29 U.S.C. §1132(g); and

E. That Plaintiff recover any and all other relief to which he may be entitled, as well as the costs of suit.

Date: 09/27/2018

Respectfully submitted,

David Hicks
Attorney for Plaintiff

David Hicks
David M. Hicks, P.C.
7720 Stonebridge Golf Drive
Maryville, IL 62062
618-343-0901
618-301-3360 (fax)
davidmhickspc@hushmail.com