**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| **STEVEN TURNER,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:18-cv-00231 |
| ) | |
| **LIBERTY LIFE ASSURANCE** ) | |
| **COMPANY OF BOSTON** ) | |
| ) | |
| Defendant. ) | |

**LIBERTY LIFE ASSURANCE COMPANY OF
BOSTON'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant Liberty Life Assurance Company of Boston ("Liberty Life") files this, its

Answer to Plaintiff's Complaint (the "Complaint") filed by Plaintiff Steven Turner ("Plaintiff"),

and states as follows:

**Jurisdiction and Venue**

1.      Liberty Life admits the Court has jurisdiction over this action under the Employee

Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 et seq. ("ERISA").

Liberty Life specifically denies, however, that the bringing of this action or the recitation of

jurisdictional bases gives rise to any inference that Plaintiff is entitled to any remedy or relief

against Liberty Life.  Liberty Life admits that by this action, Plaintiff is seeking recovery of

benefits from the Orgill, Inc. Long Term Disability Plan ("the Plan"), which is an employee

benefit plan as defined by ERISA, but Liberty Life denies Plaintiff is entitled to any such relief

or recovery.  Liberty Life admits it issued Group Disability Income Policy No. GF3-850-290458-

01 (the "Policy") to Orgill, Inc. ("Orgill"), which Policy, at certain times, insured certain benefits

paid by the Plan.  To the extent that the allegations contained in Paragraph 1 of the Complaint

contain legal conclusions, Liberty Life is not required to respond.  To the extent a response is required, Liberty Life denies Plaintiff is entitled to any remedy or relief against Liberty Life whatsoever.  Liberty Life denies all remaining allegations contained in Paragraph 1 of the Complaint.

2.      To the extent that the allegations contained in Paragraph 2 of the Complaint contain legal conclusions, Liberty Life is not required to respond.  To the extent a response is required, Liberty Life denies Plaintiff is entitled to any remedy or relief against Liberty Life whatsoever.  Liberty Life admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of benefits from the Plan under 29 U.S.C. § 1132(a)(1)(B).  Liberty Life specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process.  Liberty Life denies all remaining allegations contained in Paragraph 2 of the Complaint.

3.      Liberty Life admits that venue is proper in this District and Division.  Liberty Life denies the remaining allegations contained in Paragraph 3 of the Complaint.

### Nature of Action

4.      Liberty Life admits that by this action, Plaintiff is seeking recovery of benefits from the Plan, which is an employee benefit plan as defined by ERISA, but Liberty Life denies Plaintiff is entitled to any such relief or recovery.  Liberty Life admits it issued the Policy to Orgill, which Policy, at certain times, insured certain benefits paid by the Plan.  Liberty Life

admits Plaintiff was, at certain times, employed by Orgill and was, at certain times, a participant in the Plan.  Liberty Life admits Plaintiff's claims are governed by Section 502 of ERISA (29 U.S.C. § 1132(a)(1)(B)).  Liberty Life denies all remaining allegations contained in Paragraph 4 of the Complaint.

### The Parties

5.      Liberty Life is without sufficient knowledge to either admit or deny Plaintiff's current residence, and accordingly, denies this allegation.  Liberty Life denies all remaining allegations contained in Paragraph 5 of the Complaint.

6.      Liberty Life admits it is a New Hampshire Corporation with its principal place of business in Radnor, Pennsylvania and that is licensed to do business in Missouri.  Liberty Life admits that by this action, Plaintiff is seeking recovery of benefits from the Plan, which is an employee benefit plan as defined by ERISA, but Liberty Life denies Plaintiff is entitled to any such relief or recovery.  Liberty Life denies all remaining allegations contained in Paragraph 6 of the Complaint.

7.      Liberty Life admits that by this action, Plaintiff is seeking recovery of benefits from the Plan, which is an employee benefit plan as defined by ERISA, but Liberty Life denies Plaintiff is entitled to any such relief or recovery.  Liberty Life admits Plaintiff was, at certain times, employed by Orgill and was, at certain times, a participant in the Plan.  Liberty Life denies all remaining allegations contained in Paragraph 7 of the Complaint.

### Statement of Facts

8.      Liberty Life admits Plaintiff was, at certain times, employed by Orgill and that Plaintiff's last day of work as Walmart was May 29, 2015.  Liberty Life admits that certain

medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claim for benefits from the Plan under the Policy, and Liberty Life refers to the administrative record itself as the best evidence of its contents.  Liberty Life admits Plaintiff received, at certain times, benefits from the Plan under the Policy.  Liberty Life denies all remaining allegations contained in Paragraph 8 of the Complaint.

9.      Liberty Life admits Plaintiff received, at certain times, benefits from the Plan under the Policy.  Liberty Life admits it sent a letter to Plaintiff dated December 15, 2017, but Liberty Life refers to the letter itself as the best evidence of its contents.  Liberty Life denies all remaining allegations contained in Paragraph 9 of the Complaint.

10.     Liberty Life admits it sent a letter to Plaintiff dated December 15, 2017, but Liberty Life refers to the letter itself as the best evidence of its contents.  Liberty Life admits it received an appeal of the denial of Plaintiff's claim for benefits from the Plan under the Policy, along with additional documentation, which is contained in the administrative record regarding Plaintiff's claim for benefits from the Plan under the Policy, and Liberty Life refers to the administrative record itself as the best evidence of its contents.  Liberty Life admits it sent a letter to Plaintiff dated May 10, 2018, but Liberty Life refers to the letter itself as the best evidence of its contents.  Liberty Life denies all remaining allegations contained in Paragraph 10 of the Complaint.

11.     Liberty Life denies the allegations contained in Paragraph 11 of the Complaint.

12.     Liberty Life denies the allegations contained in Paragraph 12 of the Complaint and the WHEREFORE Paragraph thereafter.

Liberty Life denies all allegations contained in the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1.      The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2.      The standard of review by the District Court in this case should be whether the decision to deny Plaintiff's claim for benefits from the Plan under the Policy was an abuse of discretion because the relevant plan documents contain sufficient discretionary language to invoke that standard.

3.      Plaintiff's recovery of benefits, if any, from Liberty Life is subject to an offset pursuant to the terms of the Policy and the documents governing the Plan, which requires offset and/or repayment of income earned by Plaintiff or any award of other benefits, including any disability or retirement benefits Plaintiff or Plaintiff's dependents receive from the Social Security Administration.

4.      Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

5.      Plaintiff's claims are barred to the extent the Complaint was not filed within the Policy or statutory limitations period.

6.      Liberty Life reserves the right to assert additional defenses.

## PRAYER

WHEREFORE, having fully answered Plaintiff's Complaint, Liberty Life move this Court to dismiss Plaintiff's Complaint with prejudice, award its costs and fees expended herein and for such other and further relief as the Court deems proper.

Respectfully submitted,

By: */s/ Iwana Rademaekers*

Iwana Rademaekers (Texas Bar No. 16452560)
(*Admitted Pro Hac Vice*)
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
14785 Preston Road, Suite 550
Dallas, Texas 75254
Main:  (214) 579-9319
Fax:  (469) 444-6456
Email:  iwana@rademaekerslaw.com

ATTORNEYS FOR DEFENDANT

## CERTFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed electronically with the Clerk of the Court this 26th day of November 2018 to be served by operation of the Court's electronic filing system upon the following:

David M. Hicks, P.C.
davidmhickspc@hushmail.com

*Attorney for Plaintiff*

/s/ *Iwana Rademaekers*
Iwana Rademaekers